IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCOS DA SILVA,<br>*Petitioner*,<br>v.<br>LEONARD ODDO,<br>*Respondent*. | Civil Action No. 3:26-cv-112<br>Hon. William S. Stickman IV |

**ORDER OF COURT**

Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 2). Petitioner, a citizen of Brazil who is detained at the Moshannon Valley Processing Center, received an individualized bond hearing on October 15, 2025. The immigration judge ("IJ") denied bond based on a finding of "[d]anger to the community." (ECF No. 8-4). Petitioner had two options – file a bond appeal with the Board of Immigration Appeals, *see* 8 C.F.R. § 1236.1(d), or file a request for a bond redetermination. *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 280 n.6 (3d Cir. 2018). Instead, he filed a habeas petition with the Court essentially asking it to overrule the IJ's bond decision and order his release, or, alternatively, grant him a new bond hearing.[1] The Court will deny the petition for the following reasons.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The IJ's determination that Petitioner presents a

[1] The Court previously denied Petitioner's motion for a temporary restraining order. (ECF No. 4).

danger to the community is a basis for the legality of his custody. The Court has no jurisdiction to second guess or reconsider the IJ's decision. *See* 8 U.S.C. § 1226(e) ("[n]o court may set aside any action or decision ... regarding ... the denial of bond …."). While Petitioner argues that the IJ failed to consider certain evidence favorable to him (ECF No. 2, p. 7), adjudicating these arguments would require the Court to assess the underlying discretionary bond determination itself, not an alleged constitutional or statutory deficiency. As there is nothing before the Court that would lead to the conclusion that the bond hearing was actually constitutionally deficient. The Court does not have jurisdiction to review the underlying discretionary decision by the IJ to deny Petitioner bond.

AND NOW, this 19th day of February 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 2) is DENIED. The Court holds that no injunctive relief is warranted.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE